IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| SHERRI HILL, INC., § | |
| § | |
| Plaintiff, § | |
| § | Civil Action No. 1:20-cv-139 |
| v. § | |
| § | |
| OCCASION BRANDS, LLC DBA § | JURY TRIAL DEMANDED |
| PROMGIRL, SIMPLY DRESSES, and § | |
| KLEINFELD, § | |
| § | |
| Defendant. § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Sherri Hill, Inc. ("Plaintiff" or "Sherri Hill") files this Original Complaint against Defendant Occasion Brands, LLC dba PromGirl, Simply Dresses, and Kleinfeld ("Defendant"), and respectfully shows the Court as follows:

### I. PARTIES

1.  Plaintiff Sherri Hill, Inc. is a Texas corporation with its principal place of business at 1100 E. Howard Ln., Ste. 575, Austin, Texas 78753.

2.  Defendant Occasion Brands, LLC does business as PromGirl, Simply Dresses, and Kleinfeld, and is a limited liability company formed under the laws of Delaware, with its principal place of business at 1441 Broadway, 21st Floor, New York, New York 10018, or 105 Sleepy Hollow Drive, Middletown, Delaware 19709. Under FED. R. CIV. P. 4(c) and 4(h)(1)(A), Defendant may be served with process by following TEX. R. CIV. P. 106(a)(2) and 108 and serving a summons by U.S. Certified Mail, Return Receipt Requested, to Defendant's registered agent, Corporation Service Company, 251 Little Falls Drive, Wilmington, Delaware 19808, or by following the Texas Long-Arm Statute by serving a summons through the Texas Secretary of State, 1019 Brazos Street, Austin, Texas 78701, who shall immediately mail a copy of the process to

Defendant. The Texas Secretary of State may serve as Defendant's agent for service of process because Defendant, a nonresident, engages in business in Texas, but does not maintain a regular place of business or a designated agent for service of process in Texas, and this proceeding arises out of Defendant's business done in this state. *See* TEX. CIV. PRAC. & REM. CODE § 17.044(a)(1), (b).

## II. JURISDICTION

3. The Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) for Plaintiff's Lanham Act claims, and 28 U.S.C. § 1332 for Plaintiff's state-law claims because there is complete diversity between the parties, as Plaintiff is a citizen of Texas with its principal place of business in Texas, and Defendant is a citizen of Delaware with its principal place(s) of business in New York and/or Delaware, and the amount in controversy exceeds $75,000.

4. The Court has personal jurisdiction over Defendant. The Texas Long-Arm Statute authorizes the exercise of personal jurisdiction over Defendant because it does business in the State of Texas by, among other things, operating retail stores in both Houston and San Antonio, and contracting with Texas residents, including Plaintiff. Further, Defendant has established the requisite "minimum contacts" with the State of Texas by purposefully directing its commercial activities at Texas residents through soliciting, conducting business with, and contracting with Texas residents, including Plaintiff, which has created continuing obligations between itself and Texas residents, including Plaintiff. For example, in addition to operating retail stores in Texas, on numerous occasions representatives of Defendant have traveled to Plaintiff's showroom in Austin to view and select merchandise to purchase from Plaintiff; Defendant sends purchase orders to Plaintiff in Austin; and Defendant remits payment to Plaintiff in Austin. Defendant has also frequently directed Plaintiff to ship items directly to Defendant's Texas-based customers,

including customers in Austin. Finally, as demonstrated below, Plaintiff's claims and causes of action in this lawsuit arise out of and are directly related to Defendant's contacts with the State of Texas. For these reasons, the exercise of personal jurisdiction of Defendant does not offend traditional notions of fair play and substantial justice, as Defendant's substantial contacts with the State of Texas are such that it should reasonably anticipate being haled into court here.

### III. VENUE

5.  Venue is proper in this judicial district because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred, and continues to occur, in this judicial district. 28 U.S.C. § 1391(b)(2).

### IV. STATEMENT OF FACTS

6.  Plaintiff is the brainchild of its namesake, Ms. Sherri Hill, a world-renowned fashion designer whose specialty is formal evening wear for women. Ms. Hill's design career began gaining recognition in the pageant world when various Miss USA, Miss Universe, and Miss America contestants won titles wearing her gowns. In or around July 2008, Ms. Hill formed her own fashion company, Sherri Hill, Inc., the plaintiff in this action. Today, Plaintiff designs, makes, and sells exclusive evening dress collections, including (among other kinds) pageant, homecoming, and prom dresses, through a network of over 600 authorized Sherri Hill retailers located in over 52 countries.

7.  Defendant is an online retail business with a focus on the special-occasion dress market. More specifically, upon information and belief, Defendant operates as a holding company for PromGirl, a leading online retailer for teen prom dresses, and Simply Dresses, a leading online retailer for special-occasion dresses for women of all ages. Further, upon information and belief, Defendant also recently partnered with Kleinfeld Bridal to launch an online platform for the distribution of Kleinfeld wedding and bridal-party dresses. According to its website, PromGirl

operates retail "pop-up" stores in Houston, Texas, and in this district in San Antonio, Texas, among other locations.[1]

8. In or around 2009, Defendant contacted Plaintiff through Plaintiff's website seeking to become an authorized Sherri Hill retailer. Plaintiff proceeded to review Defendant's application, and the parties discussed the terms under which Defendant would carry and sell Sherri Hill merchandise. After coming to an agreement on terms, in or around 2009, Plaintiff approved and authorized Defendant to carry and sell various dress collections on Defendant's PromGirl and Simply Dresses websites.

9. Under the terms of the parties' agreement, and in the usual course of business, Defendant would identify items in Plaintiff's various dress collections to purchase. Typically, this was done by Defendant sending authorized representatives to Plaintiff's showrooms in Austin, Texas and Atlanta, Georgia, where Defendant's representatives would view Plaintiff's yet-to-be-released dress collections and determine which items Defendant would like to purchase. Upon making its selections, Defendant then sent formal purchase orders to Plaintiff identifying the style and quantity of dresses or other pieces of merchandise it desired to purchase, the list price(s), the shipping location, and the expected date of delivery. If acceptable, Plaintiff would then accept the purchase order and deliver the merchandise to Defendant. Under the parties' agreement, and in the usual course of business, Plaintiff shipped the purchased merchandise F.O.B. Origin on Defendant's FedEx or UPS account. At the time of shipping, Plaintiff would create an invoice for the delivered merchandise that was made immediately available to Defendant at Plaintiff's online retailer portal, sherrihill.net. Defendant was then required to tender payment within 90 days of the invoice date. Under the terms of the parties' arrangement, Defendant remitted payment to Plaintiff by either sending checks to Plaintiff's offices in Austin, Texas, or through electronic funds

---

[1] *See* https://www.promgirl.com/info/stores

transfers to Plaintiff's bank account(s) in Austin, Texas. In addition, Plaintiff occasionally agreed to take damaged product back to its Austin office and issue credits to Defendant.

10. As noted above, under the terms of the parties' agreement, and in the course of the parties' dealing, Plaintiff provided Defendant with invoices corresponding to the merchandise ordered by Defendant. In the course of the parties' dealing, Defendant accepted each piece of merchandise delivered by Plaintiff and has not disputed any invoices, thereby becoming bound to pay Plaintiff the agreed-upon prices reflected in the invoices.

11. The amount of the prices charged to Defendant are reasonable, usual, and customary for the purchase of special-occasion dresses and related merchandise of the kind and quality made by Plaintiff. The account on which Plaintiff sues accurately represents a transaction or series of transactions for which systematic record has been kept in the ordinary course of business. A true and correct copy of Plaintiff's accounts receivable statement for Defendant, reflecting the invoice numbers and unpaid balances owed to Plaintiff, is attached hereto and incorporated herein by reference as Exhibit 1.

12. Defendant has defaulted on hundreds of invoices for merchandise delivered by Plaintiff and accepted by Defendant by failing to make full payment on the invoices. As a result of Defendant's default, Plaintiff stopped accepting orders from Defendant in or around May of 2019. To date, the unpaid invoices span from January 30, 2017 to June 25, 2019. The outstanding principal balance on the account is currently $822,162.00, calculated by subtracting the total credits owed to Defendant of $84,544.86 from the total balance owed by Defendant of $906,706.86. See Exhibit 1 & 2. Plaintiff seeks to recover the outstanding debt of $822,162.00, in addition to pre-judgment and post-judgment interest and attorneys' fees and costs.

13. On numerous occasions throughout 2019, Plaintiff communicated its concern about the past-due invoices to Defendant, but Defendant made no effort to pay in full.

14.     On January 2, 2020, Plaintiff made a formal demand to Defendant to pay the amount due, but Defendant has not done so. A true and correct copy of the demand is attached hereto as <u>Exhibit</u> 2 and is incorporated herein by reference.

15.     Because of Defendant's failure to comply with its payment obligations as set forth herein, Plaintiff has been forced to retain the undersigned attorneys and to pay them a reasonable fee for their services in connection with these proceedings. Plaintiff made a presentment of attorney's fees incurred, which Defendant has ignored.

16.     In addition, through years of substantial and continuous use, Plaintiff has acquired valuable trademark rights and associated goodwill in the word mark SHERRI HILL and stylized versions thereof (the "Mark").

17.     In connection with Plaintiff's Mark, Plaintiff owns a valid and subsisting federal trademark registration on the Principal Register, U.S. Registration No. 3631052, registered on June 2, 2009, for the Standard Character Mark "SHERRI HILL," in U.S. Classes 22 and 39 for "Dresses; Evening dresses."

18.     Plaintiff granted Defendant a non-exclusive, revocable license to use, display, advertise, and promote the Mark in connection with Defendant's sale, advertising, promotion, and distribution of Sherri Hill dresses and merchandise, subject to various terms and conditions (the "License Agreement"). One such condition of the License Agreement is that, in order to use the Mark, Defendant must maintain with Plaintiff a current account in good standing and paid in full. If Defendant fails to comply with its payment obligations to Plaintiff, then Sherri Hill maintains sole discretion to terminate its license to Defendant.

19.     As noted above, Defendant is in default of hundreds of invoices and owes Plaintiff $822,162.00. Given Defendant's default, Plaintiff expressly and unequivocally terminated its previous authorization allowing Defendant to use the Mark, and formally demanded that

Defendant immediately cease use of the Mark and remove them Defendant's websites, print media, and social media accounts. *See* Exhibit 2.

20. Defendant, however, continues to utilize Plaintiff's Mark on Defendant's websites, print media, and social media accounts without Plaintiff's consent or authorization.

## V. CAUSES OF ACTION

### A. Count One: Suit on Account

21. Plaintiff incorporates all prior paragraphs herein by reference.

22. Between January 30, 2017 and June 25, 2019, Plaintiff provided invoices to Defendant evidencing amounts due and owing for goods sold and delivered to Defendant. The prices Plaintiff charged the Defendant for the goods were just and true because they were usual, customary, and reasonable. The amount due and owing for the goods is founded on business dealings between Plaintiff and Defendant and on which a systematic record has been kept. *See* Exhibit 1. Defendant promised and is bound and liable to pay Plaintiff the principal balance due on the account in the total amount of $822,162.00.

23. All lawful offsets, payments, and credits have been applied to Defendant's account. The principal balance of $822,162.00 remains due and unpaid. These damages are liquidated.

24. After Defendant defaulted on the account, Plaintiff employed the undersigned counsel and a demand for payment was sent; Defendant has failed to pay the amount due and owing on the account. *See* Exhibit 2. Plaintiff agreed to pay its counsel reasonable attorney's fees and costs for their services, for which it seeks recovery herein pursuant to Chapter 38 of the Texas Civil Practice and Remedies Code.

25. In addition, Plaintiff seeks prejudgment and post-judgment interest at the maximum rate permitted by law.

**B.    Count Two: Breach of Contract**

26. Plaintiff incorporates all of the preceding paragraphs herein by reference.

27. Plaintiff and Defendant entered into a valid and enforceable contract. As a party to this contract, Plaintiff is the proper party to sue for breach of said contract.

28. Under the contract, Plaintiff agreed to deliver dresses and merchandise ordered by Defendant, and, in return, Defendant agreed to pay Plaintiff for such dresses and merchandise delivered to Defendant within ninety (90) days of receipt of an invoice from Plaintiff.

29. Plaintiff fully performed under the terms of the parties' contract.

30. Defendant has materially breached the parties' contract by wrongfully failing to pay Plaintiff the amounts due and owing.

31. Defendant's material breaches of the parties' contract have directly and proximately caused Plaintiff to suffer damages of $822,162.00, plus attorney's fees, costs, and interest.

32. Plaintiff may recover its costs and reasonable and necessary attorney's fees under Chapter 38 of the Texas Civil Practice and Remedies Code.

**C.    Count Three: Quantum Meruit**

33. Plaintiff incorporates all of the preceding paragraphs herein by reference.

34. In the alternative, Plaintiff asserts a claim for quantum meruit against Defendant.

35. Plaintiff provided valuable services and/or materials to Defendant by authorizing Defendant to become a Sherri Hill retailer and thereafter delivering special-occasion dresses and other fashion merchandise pursuant to purchase orders placed by Defendant.

36. Plaintiff provided these services and/or materials for Defendant's benefit. Defendant operates PromGirl and Simply Dresses, two leading online retailers of special-occasion

dresses, and derives commercial and economic gain by marketing and selling Plaintiff's special-occasion dresses and other fashion merchandise.

37. At all relevant times, Defendant accepted the services and/or materials provided by Plaintiff.

38. Defendant had reasonable notice that Plaintiff expected compensation when Defendant accepted Plaintiff's services and/or materials that are the subject of this lawsuit, not least because Plaintiff submitted invoices to Defendant for such services and/or materials pursuant to parties' long course of dealing, and because Defendant had tendered timely payment to Plaintiff for similar services and/or materials before.

39. Because Plaintiff expected compensation, Defendant's acceptance of the services and/or materials without payment caused $822,162.00 in damages, plus attorney's fees, costs, and interest.

40. Plaintiff may recover its costs and reasonable and necessary attorney's fees under Chapter 38 of the Texas Civil Practice and Remedies Code .

**D.    Count Four: Unjust Enrichment**

41. Plaintiff incorporates all of the preceding paragraphs herein by reference.

42. In the alternative, Defendant has been unjustly enriched by obtaining a benefit from Plaintiff, in the form of dresses and other fashion merchandise made and delivered to Defendant, through the taking of an undue advantage of Plaintiff.

43. Defendant has wrongfully secured that benefit from Plaintiff, and it would be unconscionable to permit Defendant to retain that benefit. Defendant, therefore, should be ordered to make restitution to Plaintiff.

**E.    Count Five: Money Had and Received**

44. Plaintiff incorporates all of the preceding paragraphs herein by reference.

45. In the alternative, Defendant holds $822,162.00 in funds that belong to Plaintiff pursuant to its provision of dresses and other items of merchandise to Defendant.

46. Those funds belong to Plaintiff in equity and good conscience given Plaintiff's provision of dresses and other items of merchandise to Defendant which Defendant then used in its business to generate income.

47. Plaintiff is entitled to all of its actual damages.

### F.   Count Six: Promissory Estoppel

48. Plaintiff incorporates all of the preceding paragraphs herein by reference.

49. In the alternative, Defendant made multiple promises to Plaintiff to pay for the dresses and merchandise that it ordered from Plaintiff and which Plaintiff delivered to Defendant.

50. Plaintiff reasonably and substantially relied on these promises to its detriment by providing a substantial amount of its inventory to Defendant.

51. Plaintiff's reliance on Defendant's promises to pay was foreseeable to Defendant, particularly given that Plaintiff provided the dresses and merchandise that are the subject of this lawsuit based on Defendant's promise to pay and given that Defendant had previously tendered payment for dresses and merchandise.

52. Injustice can be avoided only by enforcing Defendant's promises to pay Plaintiff the agreed-upon charges for the subject dresses and merchandise that Plaintiff provided to and for which Plaintiff invoiced Defendant.

### G.   Count Seven: Trademark Infringement Under the Lanham Act

53. Plaintiff incorporates all of the preceding paragraphs herein by reference.

54. The Mark is a valid trademark that is registered on the Principal Register of the United States Patent and Trademark Office.

55. Defendant's use in commerce of the Mark in connection with Defendant's services after January 2, 2020 is unauthorized by and without the consent of Plaintiff.

56. Defendant's continued use of the Mark is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendant with Plaintiff, as to the origin, sponsorship, or approval of Defendant's services or commercial activities by Plaintiff. Such acts constitute violations of Sections 32 and 43 of the Lanham Act, 15 U.S.C. §§ 1114, 1125.

57. Plaintiff has been and will continue to be injured as a direct result of Defendant's unlawful activities, and has suffered and will continue to suffer damages in an amount to be determined at trial. Plaintiff seeks an award of damages actually sustained by Plaintiff and Defendant's respective profits, as well as an enhancement of the amounts found as actual damages not exceeding three times such amounts, pursuant to 15 U.S.C. § 1117(c), for Defendant's use of the mark.

58. Plaintiff also seeks, pursuant to 15 U.S.C. § 1118, the destruction of all materials, including Defendant's marketing materials, that make use of the Mark in a manner that violates the Lanham Act as alleged above.

59. Additionally, Defendant's unauthorized use of the Mark has caused and, unless restrained by the Court, will continue to cause Plaintiff irreparable injury. Further, other remedies available at law, such as monetary damages, are inadequate to fully compensate Plaintiff for such injury, a remedy in equity is warranted, and the public interest will not be disserved by an injunction. Accordingly, Plaintiff seeks permanent injunctive relief against Defendant, restraining Defendant's unauthorized use of the Mark in violation of the Lanham Act as alleged above

60. Upon information and belief, Defendant's alleged unlawful activities have been willful, intentional, and/or conducted in bad faith, rendering this case exceptional within the

meaning of 15 U.S.C. § 1117(a). Plaintiff therefore also seeks an award of its reasonable attorney's fees and costs incurred in bringing and prosecuting this action.

61. Plaintiff further seeks prejudgment and post-judgment interest on the principal amounts it recovers for this action.

### H.     Count Eight: Common-Law Trademark Infringement

62. Plaintiff incorporates all of the preceding paragraphs herein by reference.

63. Plaintiff has common-law rights in the Mark by virtue of the Mark's eligibility for protection and Plaintiff's status as senior user of the Mark.

64. The Mark is associated by consumers with goods and services offered by Plaintiff.

65. Defendant's unauthorized use of the Mark in connection with the marketing and offering of Defendant's services as described above constitutes common law infringement of Plaintiff's Mark, resulting in irreparable injury to Plaintiff.

66. Accordingly, Plaintiff seeks an award of actual damages resulting from Defendant's acts of infringement.

67. Plaintiff also seeks an award of exemplary damages in an amount to be determined at trial because, upon information and belief, the harm caused by Defendant as alleged herein results from Defendant's malice or gross negligence. TEX. CIV. PRAC. & REM. CODE § 41.003(a).

68. Plaintiff also seeks permanent injunctive relief restraining Defendant from further infringing the Mark in the manners alleged above, because Plaintiff has suffered and/or will suffer an irreparable injury; other remedies available at law, such as monetary damages, are inadequate to fully compensate Plaintiff for that injury; a remedy in equity is warranted; and the public interest will not be disserved by an injunction, permanent or otherwise.

69. Plaintiff additionally seeks an award of its costs and prejudgment and post-judgment interest on the principal amount it recovers for this action.

## VI. CONDITIONS PRECEDENT

70. All conditions precedent to Plaintiff's claims have occurred and/or been performed.

## VII. ATTORNEY'S FEES AND COSTS

71. All preceding paragraphs are incorporated herein as if fully set forth.

72. Defendant's default, acts, and omissions made it necessary for Plaintiff to employ the undersigned attorneys to file suit. Plaintiff's claim was timely presented to Defendant and remains unpaid. Accordingly, pursuant to Chapter 38 of the Texas Civil Practice and Remedies Code, Texas common law, and the Lanham Act, Plaintiff is entitled to recover, and hereby seeks, it's reasonable and necessary attorney's fees and costs incurred in this action.

## VIII. PRAYER

Plaintiff respectfully requests the following relief:

i. Defendant Occasion Brands, LLC be cited to appear and answer;

ii. Plaintiff be granted judgment in the amount of $822,162.00 as the principal amount due on the account as described and alleged above;

iii. an award of actual damages and/or profits according to law, or, alternatively, an award of nominal damages according to law;

iv. the enhancement of any amounts of profits and/or actual damages awarded according to law;

v. an award of exemplary damages according to law;

vi. the delivery and destruction of all trademark-infringing materials according to law;

vii. permanent injunctive relief against Defendant according to law and as described above;

viii. an award of attorney's fees and costs according to law;

ix. prejudgment and post-judgment interest according to law; and

x. such other and further relief, special or general, in law or equity, as the Court may deem just and proper.

Respectfully submitted,

JACKSON WALKER L.L.P.

By: */s/ Joshua A. Romero*
Joshua A. Romero (TSBN 24046754)
Patrick R. Dresslar (TSBN 24058022)
100 Congress Avenue, Suite 1100
Austin, Texas 78701
(512) 236-2000 – Telephone
(512) 236-2002 – Facsimile
E-mail: jromero@jw.com;
pdresslar@@jw.com

ATTORNEYS FOR PLAINTIFF
SHERRI HILL, INC.

25029559v.5